**In re: VONAGE MARKETING AND SALES PRACTICES LITIGATION.**

**MDL No. 1862.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 15, 2007.

Before D. LOWELL JENSEN, ROBERT L. MILLER, JR., DAVID R. HANSEN, J. FREDERICK MOTZ, KATHRYN H. VRATIL, ANTHONY J. SCIRICA*, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:\*** Plaintiffs in an action pending in the District of New Jersey have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of New Jersey. Defendants Vonage America Inc.; Vonage Holdings

Corp.; Vonage Marketing Inc.; and Vonage Network Inc. (collectively Vonage) support plaintiffs' motion. Plaintiff in the S.D. California action (*Nevelson*) opposes inclusion of his action in any centralized proceedings.

This litigation currently consists of four actions listed on Schedule A and pending, respectively, in the following four districts: the Central District of California, the Southern District of California, the District of New Jersey, and the Western District of Washington.

■ On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All four actions, which are brought on behalf of nationwide or statewide classes of Vonage customers, involve allegations that Vonage improperly marketed and/or administered its internet telephone services, including its initial "one free month" trial period for those services. Plaintiffs rely on theories of fraud, breach of contract, unjust enrichment and negligent misrepresentation; plaintiffs also contend that Vonage's conduct violated state consumer protection laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification); and conserve the resources of the parties, their counsel and the judiciary.

The sole objecting plaintiff asserts that transfer of his action under Section 1407 is unnecessary because *Nevelson* and the other actions do not present significant overlapping issues of fact. We respectfully disagree. Regardless of any differences among the four actions, they raise common factual questions concerning Von-

analysis, or of precise answers and accurate translation thereof into the language of U.S. legal proceedings.

\* Judge Scirica took no part in the disposition of this matter.

age's marketing and sales practices with respect to its internet telephone services. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L.1976); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

■ We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation. The District of New Jersey is a likely source of relevant documents and witnesses, inasmuch as Vonage's headquarters are located there. Moreover, by centralizing the actions before Judge Freda L. Wolfson, who already presides over another MDL docket involving Vonage, we are assigning this litigation to a jurist who has the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

*Central District of California*
*Kai Porter v. Vonage Holdings Corp.*, et al., C.A. No. 2:07–1850

*Southern District of California*
*Alex Nevelson v. Vonage Holdings Corp.*, C.A. No. 3:07–732

---

* Judge Scirica did not participate in the deci-

*District of New Jersey*
*Budd Nahay, et al. v. Vonage America, Inc.*, et al., C.A. No. 3:06–5801

*Western District of Washington*
*Darlene Pennock v. Vonage America, Inc.*, et al., C.A. No. 2:07–320